UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Tyeon Bethany,<br><br>　　　　　　Plaintiff,<br>　v.<br>T-Mobile USA, Inc.; and DOES 1-10, inclusive,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Tyeon Bethany, by undersigned counsel, states as follows:

## JURISDICTION

1.This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.The Plaintiff, Tyeon Bethany ("Plaintiff"), is an adult individual residing in Raytown, Missouri, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5.Defendant T-Mobile USA, Inc. ("T-Mobile"), is a Georgia business entity with an address of 4179 Lindell Blvd, St Louis, Missouri 63108, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6.Does 1-10 (the "Agents") are individual employees and/or agents employed by T-

Mobile and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. T-Mobile at all times acted by and through one or more of the Agents.

**FACTS**

8. Beginning in or around December of 2013, T-Mobile called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls, T-Mobile used a prerecorded message requesting a call back.

10. Plaintiff does not currently have an account with T-Mobile.

11. Plaintiff has no business relations with T-Mobile and never requested by an agreement or otherwise that he be contacted.

12. Plaintiff never provided his cellular telephone number to T-Mobile and never provided his consent to T-Mobile to be contacted on his cellular telephone.

13. Plaintiff called T-Mobile and was advised that T-Mobile was calling his number in an attempt to reach "Denise Belling", whom Plaintiff does not know.

14. Plaintiff informed T-Mobile that he was being called in error and directed T-Mobile to remove his number from the account and to cease all communications with him.

15. Thereafter, despite having been informed of the foregoing, T-Mobile continued to call Plaintiff at a repeated and harassing rate, sometimes up to tree times a day.

16. Plaintiff again called in to T-Mobile in an effort to stop the calls. Plaintiff objected to the ongoing calls and was advised by a T-Mobile representative that the account would be mark accordingly and that the calls would stop.

17.     Thereafter, the calls continued at the annoying and harassing rate as aforementioned.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Plaintiff never provided his cellular telephone number to T-Mobile and never provided his consent to be contacted on his cellular telephone.

20.     Without Plaintiff's consent and over his objection, T-Mobile contacted the Plaintiff by using an automatic telephone dialing system and by using a prerecorded or artificial voice on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21.     T-Mobile continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22.     The telephone number called by T-Mobile was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23.     The calls from T-Mobile to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     T-Mobile's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

25.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

27.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29.     Missouri further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendants violated Missouri state law.

30.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

31.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

32.     The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a

4

reasonable person.

33. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

34. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief that the Court may deem just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 12, 2014

                                     Respectfully submitted,

                                     By:  __/s/ Sergei Lemberg_____

                                     Sergei Lemberg, Esq.
                                     LEMBERG & ASSOCIATES L.L.C.
                                     1100 Summer Street, 3rd Floor
                                     Stamford, CT 06905
                                     Telephone: (203) 653-2250
                                     Facsimile:  (203) 653-3424
                                     Attorneys for Plaintiff